IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY RAY COLEMAN,            )
                             )
        Plaintiff,            )
                             )
    v.                       )
                             )        1:15CV751
CAROLYN W. COLVIN,           )
Acting Commissioner of Social )
Security,                    )
                             )
        Defendant.            )

**ORDER**

Plaintiff Gary Ray Coleman brought this action under 42 U.S.C. § 405(g), seeking to obtain review of a final decision by the Commissioner of Social Security to deny his claims for disability benefits. On January 22, 2016, Plaintiff filed a motion for judgment on the pleadings, requesting that the court reverse the Commissioner's decision. (Doc. 11.) Defendant Carolyn Colvin filed a competing motion for judgment on the pleadings on March 22, 2016. (Doc. 13.) In accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and served on the parties in this action. (Doc. 15.) Within the time limitation set forth in the statute, counsel for Plaintiff objected to the Recommendation (Doc. 18), and the Commissioner responded (Doc. 19).

The court has made a *de novo* determination of those portions

of the Recommendation to which Plaintiff has objected, which is in accord with the Magistrate Judge's report. Plaintiff's objections lack merit. However, two are worthy of discussion.

Citing 20 C.F.R. § 404.1512(e)(1), Plaintiff faults the Administrative Law Judge ("ALJ") for not attempting to re-contact a nurse practitioner to seek further explanation or clarification of her opinions. (Doc. 18 at 5.) This objection lacks merit for several reasons.

First, issues, such as this one, "raised for the first time in objections to the magistrate judge's recommendation[,] are deemed waived." Deaver v. Colvin, No. 5:13cv05776, 2014 WL 4639888, at *7 (S.D. W.Va. September 16, 2014) (citations omitted).

Second, this regulation was no longer in effect when Plaintiff applied for benefits in August of 2012. (Tr. 11, 152-58.) In fact, subsection (e)(1) was deleted from 20 C.F.R. § 404.1512 in March of 2012, eliminating the language requiring an ALJ to re-contact a physician or other medical source. See How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10651-01, 2011 WL 7404303 (Feb. 23, 2012). Under the revised regulations, an ALJ may re-contact a medical source if there is insufficient record evidence to determine whether the claimant is disabled. See 20 C.F.R. § 404.1520b(c)(1). Because there is sufficient evidence that Coleman was not disabled, as discussed below, and because

2

initiating a re-contact is within the discretion of the ALJ, Plaintiff's reliance on this regulation is misplaced.

Third, even setting both of these reasons aside, Plaintiff has failed to set forth any meaningful reason to conclude that this issue requires remand so that the ALJ may re-contact a medical source. See Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004) ("An ALJ need recontact medical sources only when the evidence received is inadequate to determine whether the claimant is disabled."); White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001) ("[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receives from the claimant's treating physician' that triggers the duty.") (citations omitted); Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996) (finding no duty to contact when "[t]he ALJ had before him a complete medical history, and the evidence received from the treating physicians was adequate for him to make a determination as to disability").

Next, although he fails to cite the governing law or relevant regulatory factors, Plaintiff may also be challenging the ALJ's credibility analysis. (Doc. 18 at 6-7.) As noted in the Magistrate Judge's Recommendation, Plaintiff never explicitly raised or briefed credibility in his pleadings. (Doc. 15 at 15.)

3

The issue has consequently been waived. Deaver, 2014 WL 4639888, at *7. Moreover, the Magistrate Judge was also correct that, in the alternative, there was no material error in the AJL's credibility analysis. (Doc. 15 at 15, n.6.) For example, the ALJ correctly pointed out that Plaintiff generally received only conservative treatment and also performed a wide range of daily activities. (Tr. at 18-21, 228-32, 414.) See Dunn v. Colvin, 607 Fed. Appx. 264, 273 (4th Cir. 2015) (holding that an ALJ's consideration of the conservative nature of treatment was a proper factor to be considered in credibility analysis); Campbell v. Colvin, No. 1:13-CV-00233-MR-DLH, 2014 WL 6680369, at *6 (W.D.N.C. Nov. 25, 2014) ("The ALJ must consider the claimant's activities of daily living as one of the numerous aforementioned factors in 20 C.F.R. § 404.1529 when assessing pain."). Plaintiff was also found able to sit, stand, and ambulate without difficulty, and found to have a normal gait. (Tr. at 21, 293, 296, 426.) Likewise, the ALJ also pointed to a treatment note indicating that Plaintiff was still working during some parts of 2013, which is inconsistent with a claim of total disability on the alleged onset date. (Tr. at 20-21, 529.)

All this and more supports the ALJ's decision to partially discount Plaintiff's credibility. Craig v. Chater, 76 F.3d 585, 593-96 (4th Cir. 1996); 20 C.F.R. § 404.1529(a)-(c). The fact

4

that Plaintiff may disagree with the ALJ's decision does not make it legally incorrect or unsupported by substantial evidence. Therefore, to the extent Plaintiff actually is contesting the ALJ's credibility analysis, and insofar as the issue has not been waived, the objection has no merit.

IT IS THEREFORE ORDERED that Plaintiff's motion for judgment on the pleadings (Doc. 11) is DENIED, that Defendant's motion for judgment on the pleadings (Doc. 13) is GRANTED, that the Commissioner's decision finding no disability is AFFIRMED, and that this action is DISMISSED WITH PREJUDICE.

A Judgment dismissing this action will be entered contemporaneously with this Order.

    /s/   Thomas D. Schroeder
United States District Judge

September 26, 2016